In the Matter of the Application of RUDOLPH H. LEE, as Surviving Executor of the Estate of GEORGE C. LEE, Deceased, Petitioner, for a Certiorari Order against JOHN F. GILCHRIST and Others, as and Composing the State Tax Commission, Respondents.

Third Department, March 3, 1926.

**Taxation — income tax — money paid by surviving partners to estate of deceased partner not income.**

The money paid by the surviving partners to the estate of a deceased partner in the settlement of partnership affairs, pursuant to the articles of copartnership, cannot be classed as income of the estate and is not subject to an income tax.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term on the 17th day of November, 1925, directed to John F. Gilchrist and others, as and composing the State Tax Commission, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in imposing and assessing an additional income tax in the sum of $587.42 in connection with the alleged income of the relator for the period from February 7, 1922, to December 31, 1922.

*Shaffer & Pierson* [*Jacob H. Shaffer* and *Martin Roob* of counsel], for the petitioner.

*Albert Ottinger, Attorney-General* [*Henry S. Manley, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.   George C. Lee was a member of the copartnership of George C. Lee & Co., which conducted a merchandise brokerage business. The articles of copartnership provided for the balancing of the books of the firm on the first day of February and the first day of August of each year. On these settlement days the profits or losses of the business were to be credited or charged to the individual partners on the basis fifty per cent to George C. Lee and twenty-five per cent to each of his two partners. In the event of the death of any partner the business was to be continued by the surviving partners until the next settlement day or, if that day would occur within ninety days, then for ninety days subsequently to the death of the partner. The estate of the deceased partner was to be paid his share of the profits accruing before his death and of the assets of the partnership, exclusive of good will. The estate was also to be paid " an amount equal to the share of the net profits of said firm, which would have been paid to such deceased partner had he lived from the time of his death to the date of the termination of this copartnership as so continued as aforesaid." The estate of the deceased partner was to accept these sums " in full satisfaction for his and their interest in the business and assets of said firm." The articles further provided: " On the dissolution of said copartnership, whether by death or otherwise, none of the partners living, or the executors or administrators of any partner deceased, shall be entitled to receive or to be allowed any sum for the good will of said partnership." It is self-evident that, upon the death of a partner, the old partnership was to be dissolved; that the surviving partners were to continue with a new partnership; that the estate of the deceased partner was not to be a member of the new partnership; that it was not to be subjected to losses subsequently incurred; that it was not to

37

**578** MATTER OF N. Y.-N. J. S.-P. CON. CORP. *v.* P. S. COMM.

Third Department, March, 1926.                    [Vol. 215

participate in profits subsequently to be made. George C. Lee died on February 7, 1922. The surviving partners, prior to December 31, 1922, paid the petitioner, as executor of the estate of George C. Lee, $35,374.77 in full settlement of the interest of George C. Lee in the partnership. The sum so paid was approximately equal to one-half of the profits of the new partnership accruing between the death of George C. Lee and August 1, 1922, the settlement day occurring next after his death. The sum so paid was in no sense income. " Income may be defined as the gain derived from capital, from labor or from both combined." (*Eisner* v. *Macomber,* 252 U. S. 189.) The estate had no capital invested in the new partnership. It had no interest in the business of the partnership; in its profits or in its losses. Certainly, it performed no labor in connection therewith. There was nothing of which the sum paid was the " outcome " to those who paid it, or " income " to those who received it. It was a capital sum paid to purchase and extinguish the interest of George C. Lee at the time of his death in the good will of the old partnership. It was not a sum properly constituting a basis for the income tax imposed and paid.

The determination should be annulled, with fifty dollars costs and disbursements.

All concur.

Determination annulled, with fifty dollars costs and disbursements.