THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE I. SEIDMAN, BERNARD HEINEMAN and DAVID E. SEIDMAN, Copartners Comprising the Firm of HEINEMAN & SEIDMAN, Relators, v. MARK GRAVES and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.— Proceeding in the nature of certiorari, under article 78 of the Civil Practice Act, to review a final determination of the State Tax Commission. The determination under review affirmed an assessment of an unincorporated business tax against relators for the calendar year 1935 under article 16-A of the Tax Law. The main point at issue is whether relators practice a profession. Their business generally is to develop new textile fabrics which mills may manufacture for sale to various converters, and to work out technical problems in connection with the production of such fabrics. Relations are maintained with both the mills and converters. Compensation is derived from the mills in the form of commissions or royalties upon the amounts of fabrics sold. In addition to this work relators buy and sell merchandise for the account of others, and occasionally for their own account when a converter may refuse to accept a certain fabric. Relators' business is

not subject to license or regulation and may be carried on under a corporate form. The Commission has held that relators were not engaged in the practice of a profession so as to come within the exemption under section 386 of the Tax Law. The law and facts sustain this view. Relators also contend that in any event the Commission erred in assessing a tax upon relators' net income for 1935, and claim that $80,289.64 thereof was for services performed in 1934. There is no proof in the record that these services were completed in that year; and relators' commissions generally were payable only when sales were finally consummated. Moreover, relators' tax return was made upon a cash basis for services performed, and the items claimed as a deduction were cash received in 1935. We find no merit to relators' claim in this respect. Relators also assert that the Commission erred in refusing to allow a deduction as a necessary expense, of the sum of $5,633.41 paid to Ruth Seidman as successor to the estate of Percy Heineman. The latter was a former member of the partnership who died in 1934. The partnership agreement then in effect contained provisions relating to the liquidation of a partner's interest in the event of his death. The Commission has held that the amount paid to Ruth Seidman was a payment by the surviving partners to extinguish the interest of Percy Heineman, and as such was not deductible as an ordinary and necessary expense of the new partnership. We think that the Commission properly refused to allow a deduction for this amount. (*Matter of Lee* v. *Gilchrist*, 215 App. Div. 576; affd., 244 N. Y. 514; *Hill* v. *Commissioner of Internal Revenue*, 38 F. [2d] 165.) The Commission also refused to allow a deduction of $788 paid by the partnership as charitable contributions. This refusal was apparently based upon the ground that a claim for such a deduction was not made in the application for revision. This ruling was erroneous. There was evidence adduced at the hearing to support the claim. This evidence should control, not the application for revision. (Tax Law, § 374, made applicable by § 386-j under art. 16-A; *Matter of City Bank Farmers Trust Co.* v. *Graves*, 259 App. Div. 68.) Determination of the State Tax Commission modified by the allowance of a deduction in the sum of $788 for charitable contributions, and as so modified confirmed, without costs. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.